# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHALL DUKE, | : | Civil No. 4:13-CV-1969 |
| | : | |
| Petitioner, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WAYNE GAVIN, et al., | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION AND ORDER

### I.      Statement of Facts and of the Case.

This case comes before the Court on a motion to strike filed by the petitioner, (Doc. 16), a motion which asks this Court to strike the response to the petitioner's habeas corpus petition, arguing that this response is misleading and inaccurate. For the reasons set forth below, we will deny this motion, but will treat Duke's motion as a partial traverse to the petition, and will consider his arguments when we address the merits of this case.

## II. Discussion

### A. Rule 12(f), the Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice §

12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a "pleading" which is properly the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982).

In this case, upon consideration of this motion to strike we find that the object of that motion, a response which is, in part, in the nature of a brief, is not the appropriate subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993). Furthermore, recognizing that "[m]otions

to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we find that it has not been shown that the assertions in this response are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise of our discretion, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike. However, because we understand the concerns that motivated the petitioner to file this pleading, the Court will, instead, treat this motion to strike as a partial traverse to the petition, and will consider the petitioner's arguments in ruling upon this petition.

### III. Conclusion

Accordingly, for the foregoing reasons, the petitioner's motion to strike (Doc. 16) , is DENIED and motion is instead deemed as a partial traverse to the petition.

So ordered this 31st day of October 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge